UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JACOBIE A. WILSON,<br>       Defendant. | Case No. 22-20610<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**AMENDED ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF NO. 29)**

I.  Introduction

A grand jury indicted defendant Jacobie Wilson ("Wilson") with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count I"), possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii)(II) ("Count II"), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count III"). ECF No. 1. Wilson moves to dismiss Count III of the indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). ECF No. 29. This motion is fully briefed, ECF

Nos. 29, 30, 31-33, and the Court held oral argument on April 29, 2025. For the reasons detailed below, the Court denies the motion.

## II. Factual Background

In November 2021, a DEA agent received a warrant to search Wilson's house for evidence of drug trafficking. In executing the warrant, DEA agents seized over two pounds of cocaine, 42 grams of crack, four semi-automatic pistols of various makes and models, two digital scales, packing supplies, and over $3,000 in cash.

Wilson has six prior felony convictions, including, most notably for the purposes of this motion, a conviction of assault with intent to cause great bodily harm less than murder for shooting his then-girlfriend in the shoulder during an argument. He also has convictions for felony firearm, possessing cocaine with intent to deliver, fleeing and eluding – third degree, and assaulting, resisting, and obstructing an officer.

## III. Analysis

### A. Facial Challenge

*United States v. Williams* decision controls Wilson's motion to dismiss. *See* 113 F.4th 637, 657-63 (6th Cir. 2024). The Sixth Circuit held in *Williams* that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people." *Id*. at 662-63. Accordingly, and as Wilson conceded in

his supplemental brief (ECF No. 32), the argument that § 922(g)(1) is facially unconstitutional is foreclosed by Sixth Circuit precedent. *See id*.; *United States v. Ronald Williams*, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025) (citing *Williams*, 113 F.4th at 657); *see also United States v. Berry*, 2025 WL 1082376, at *1 (6th Cir. Apr. 10, 2025) (*Williams* held that a facial challenge to § 922(g)(1) fails because many of the statute's applications are constitutional and arguments that binding caselaw is wrong must be made to the court of appeals en banc or to the Supreme Court); *United States v. Garrison*, 2024 WL 5040626, at *2 (6th Cir. Dec. 9, 2024) (*Williams* forecloses facial challenge to § 922(g)).

### B. As-Applied Challenge

Accordingly, Wilson may only challenge his prosecution under § 922(g)(1) on an as-applied basis. To succeed on such a challenge, he must demonstrate he is not dangerous. *Williams*, 113 F.4th at 657.

To determine whether a defendant is dangerous, district courts must consider "the individual's entire criminal record." *Id*. at 657–58. "Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information–such as prior convictions–when assessing a defendant's dangerousness." *Id*. at 660.

*Williams* provides guidance for how such prior convictions should inform the district court's analysis. First, as previously noted, "crimes against the person," which are "dangerous and violent crimes like murder, rape, assault, and robbery," are "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id*. at 658. A defendant who has committed such a crime faces an "extremely heavy" burden to show that he is not dangerous. *Id*.

Crimes which "pose a significant threat of danger" and "put someone's safety at risk" comprise the second category discussed in *Williams*. *Id*. at 659. These crimes, such as drug trafficking and burglary, "do not always involve an immediate and direct threat of violence against a particular person," but may "pose a danger to the community" or "create[ ] the possibility of a violent confrontation." *Id*. A defendant who has committed such a crime "will have a very difficult time…of showing he is not dangerous." *Id*. at 663. Similarly, "a pattern of conduct risking or causing physical harm strengthens the inference that a defendant is dangerous enough to be prosecuted under § 922(g)(1)." *United States v. Golden*, 2025 WL 268364, at *2 (N.D. Ohio Jan. 22, 2025) (citing *United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024); *United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024)).

The third category of crimes includes those that "pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Williams*, 113 F.4th at 663. A conviction for these crimes is unlikely to produce a finding that the defendant is dangerous. *Id*. at 659.

Under the *Williams* framework, Wilson is dangerous and may be constitutionally disarmed. Wilson's prior assault conviction falls squarely in *Williams'* first category, as does his conviction for assaulting, resisting, or obstructing a police officer. *See United States v. Raphael Williams*, 2025 WL 1136326, at *3 (6th Cir. Apr. 17, 2025) (stating assaulting, resisting, or obstructing a police officer is "crime against the person," making it a "self-evident" display of dangerousness" (quoting *Williams*, 113 F.4th at 660) (citing M.C.L. 777.5, 777.16d)). Because these convictions involved "a crime against the body of another human being," the history of these convictions imposes an "extremely heavy" burden on Wilson to show he is not actually dangerous and that disarming him under § 922(g)(1) is unconstitutional. *Id*. at 663; *see also United States v. Henson*, 2025 WL 1009666, at *6 (6th Cir. Apr. 3, 2025).

But Wilson offers no evidence to demonstrate that he is not dangerous. Instead, he argues that the age he was when he committed the assault with intent to cause great bodily harm less than murder, and the

amount of time that has passed since then "are factors that make Mr. Wilson far less dangerous than the government seems willing to acknowledge." ECF No. 32, PageID.182-183. This argument is unavailing. Wilson was convicted of another "crime against the person"—assaulting, resisting, or obstructing a police officer—years later as an adult. *Raphael Williams*, 2025 WL 1136326, at *3.  Further, Wilson has not provided the Court with any cases where young age or brain development is a factor that should be considered in assessing dangerousness under *Williams*. Indeed, the Sixth Circuit recently rejected youth and brain immaturity as a basis to offset evidence that would otherwise result in a finding of dangerousness. *See Raphael Williams*, 2025 WL 1136326, at *4. "[Y]outhfulness is a factor that may warrant leniency at sentencing—not about how to assess whether a defendant is dangerous for purposes of § 922(g)(1)." *Id*. Given Wilson's criminal history, and that he was in his late-30s at the time of the present charges, the Court is not convinced that his youth at the time of the assault on his then-girlfriend overcomes the finding of dangerousness.

Even if the Court were to accept Wilson's conclusory argument that his youthfulness at the time of the assault should not be used to determine his dangerousness, Wilson has prior drug trafficking convictions—which he

does not address—that fall into *Williams'* second category. "Authorities recognizing the inherent dangers presented by drug trafficking—even 'non-violent' trafficking—are legion, including *Williams*." *United States v. Witherspoon*, 2024 WL 4819433, at *3 (E.D. Ky. Nov. 18, 2024); *see, e.g., Williams*, 113 F.4th at 659 ("Drug trafficking is a serious offense that, in itself, poses a danger to the community.") (citations omitted); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[O]ur Court routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence."); *United States v. Evans*, 2023 WL 5827570, at *5 (E.D. Ky. Sept. 8, 2023) ("The danger-to-the-community factor [of the Bail Reform Act] is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community.") (cleaned up); *United States v. Young*, 2020 WL 6702871, at *3 (M.D. Tenn. Nov. 12, 2020) ("The nature of his danger is not only from violence, it is also from drug trafficking and directing others in drug trafficking. Both create further and independent dangers to the community...."). Indeed, district courts in the Sixth Circuit facing *Williams* challenges by defendants with *only* drug trafficking convictions have uniformly found the defendants to be dangerous. *See, e.g., United States v.*

*Bell*, 2024 WL 4589812, at *5 (E.D. Mich. Oct. 28, 2024); *United States v. Gaither*, 2024 WL 4567281, at *2 (N.D. Ohio Oct. 24, 2024); *United States v. Lownsbury*, 2024 WL 4264970, at *7 (N.D. Ohio Sept. 23, 2024).

Although these convictions are enough to prove Wilson's dangerousness, courts have also found that fleeing from the police while in possession of a weapon or in a way that poses a danger to others evidences dangerousness. *See United States v. Brown*, 2024 WL 5161946, at *4 (E.D. Mich. Dec. 18, 2024) (collecting cases). Indeed, "[f]leeing and eluding. . .can properly be considered as falling into the second category of offenses. . .under. . .*Williams*." *Raphael Williams*, 2025 WL 113626, at *3.

IV.   Conclusion

Wilson's prior conviction of assault with intent to cause great bodily harm less than murder provides strong evidence of dangerousness. His convictions of felony firearm, possessing cocaine with intent to deliver, fleeing and eluding – third degree, and assaulting, resisting, and obstructing an officer further support a finding that Wilson is dangerous, and he has not met his heavy burden to show he is not. Accordingly, Wilson's constitutional challenge to his indictment under § 922(g)(1) fails, and his motion to dismiss (ECF No. 29) is **DENIED.**

Additionally, **IT IS ORDERED** that the trial and pretrial dates in this matter are adjourned, and a new trial date is set for June 17, 2025 at 9:00 a.m.[1] The Court will issue an amended scheduling order with all pertinent dates.

Dated: May 16, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

---

[1] The period between the date of this decision and the new trial date set out in this order shall be excludable under 18 U.S.C. § 3161(h)(7)(A). The Court finds that excluding this time serves the ends of justice and outweighs Wilson's and the public's interest in a speedy trial because failure to do so would deny counsel for both defendant and the government reasonable time necessary for effective trial preparation. 18 U.S.C. § 3161(h)(7)(B)(iv); *see also United States v. Ellison,* 739 F. Supp. 3d. 564, 588 n.1 (E.D. Mich. 2024).